UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| NOREEN CONNOLLY, ) | Case No. 2:23CV368-PPS |
| ) | (Bankruptcy Case No. 22-20965-jra) |
| Debtor-Appellant. ) | |

## OPINION AND ORDER

Noreen Connolly, a debtor in bankruptcy representing herself without counsel, filed a notice to appeal an October 17, 2023 order of the United States Bankruptcy Court. [DE 1.] The first order of business is to consider my jurisdiction.[1]

In the course of the Chapter 7 proceedings, Connolly has had what might euphemistically be called a difficult relationship with the Chapter 7 Trustee Christopher Schmidgall and counsel for the U.S. Trustee Jennifer Prokop. The order now appealed addressed one in a series of motions by Connolly for sanctions against Schmidgall and Prokop. In her "Emergency Motion for Sanctions and Injunction," Connolly complained about lockbox access to a real property (not further described) that is apparently under the Trustee's control as part of the bankruptcy estate. [Bankruptcy DE 380 at 1-2.] The motion suggested uncertainty about ownership of the property. [*Id*. at 2, 3, 4, 6.] Connolly asserted that the property is being subjected to damage by fire, animals, "robbery," and squatters, and that there are private medical records in the building to which others have unauthorized access. [*Id*. at 1-2.] Connolly made vague

---

[1] The matter of the appeal fee has now been resolved in that Connolly has paid the required fee to the Clerk of the Bankruptcy Court. I will deny as moot Connolly's filing in this court concerning a waiver of the fee. [DE 13.]

allegations that opposing counsel have not been "forthcoming or honest with their filings." [*Id*. at 2.] She made cryptic assertions about counsel's awareness of issues involving the custody of Connolly's children, the division of property in the dissolution orders from Connolly's divorce, and abusive conduct by her ex-husband. [*Id*. at 3-4.] The stream-of-consciousness motion is unclear about the relief sought. [*Id*. at 7.]

The ruling Connolly appeals is not a written order or opinion. The docket of the bankruptcy proceeding reflects that on October 17, 2023, after a hearing, Chief Bankruptcy Judge James R. Ahler denied Connolly's Emergency Motion for Sanctions and Injunction against the United States Trustee's counsel or the Chapter 7 Trustee. [Bankruptcy DE 400.] The docket entry encapsulating Chief Judge Ahler's ruling reads:

> For the reasons stated on the record in open court, Debtors Emergency Motion for Sanction is denied, and the United States Trustees objection is sustained. The Court finds that Debtor failed to carry her burden to show: (1) that a true emergency exists; (2) that any form of injunction should be imposed; and (3) that sanctions should be imposed upon the United States Trustee or the Chapter 7 Trustee. However, through direction of the Court and by agreement of the Chapter 7 Trustee, Debtor Connolly may request in writing to the Chapter 7 Trustee her desire to obtain any medical records located within the restaurant building and that, within a reasonable time of her request, the Chapter 7 Trustee shall permit her to obtain said medical records. Further a member of either the United States Marshal Service or the Indiana State Police (or any other mutually agreeable party) shall attend and supervise the removal of Debtor Connollys medical records from the restaurant building SO ORDERED.

[*Id*.][2]

---

[2] Several weeks after filing her notice of appeal, Connolly filed a motion for leave to amend. [DE 2.] My best attempt at interpreting the motion is that Connolly wishes to add arguments in support of her motion seeking sanctions against Schmidgall ("Petitioner has recently discovered another layer of conflict of interest"). [DE 2 at 1.] An appeal presents a lower court's decision for review based on the record that court then considered. Connolly does not justify the presentation of a new and different argument to this

2

A federal statute, 28 U.S.C. §158, gives district courts jurisdiction to hear appeals from the bankruptcy court from "final judgments, orders and decrees," and "with leave of the court, from other interlocutory orders and decrees." §158(a)(1) and (a)(3). I readily conclude that Chief Judge Ahler's denial of Connolly's request to sanction and enjoin the U.S. Trustee and his counsel was not a final order within the meaning of §158(a)(1). Even under the flexible standard of finality applied in the bankruptcy context, the order cannot be treated as final because it deals only with a collateral matter. The order does not finally resolve a discrete dispute within the bankruptcy, and the parties' rights and obligations remain unsettled. *Hazelton v. Board of Regents*, 952 F.3 914, 917(7th Cir. 2020). So Connolly does not have an automatic right to appeal under §158(a)(1).

Neither does the fact that Connolly appeals an order denying her motion requesting an injunction entitle her to appeal as of right. A separate statute, 28 U.S.C. §1292, governs appeals from the district court to the court of appeals. That provision authorizes, with no leave of court required, appeals of orders granting or refusing injunctions. 28 U.S.C. §1292(a)(1). Other federal courts have concluded that the appeal standard of §1292(a)(1) does not apply in the bankruptcy context, and that a bankruptcy appeal relating to an injunction requires leave of court under §158(a)(3). "Interlocutory orders of district courts relating to injunctions are appealable to courts of appeal under 28 U.S.C. §1292(1)(1), but that provision does not cover injunction orders of bankruptcy

---

court. The motion for leave to amend will be denied. I will also deny Connolly's several requests for "judicial notice"because it is not at all clear what is requested or why it would be appropriate. [DE 5, 6, 7, 12.]

3

courts." *In re Gateway Radiology Consultants, P.A.*, 983 F.3d 1238, 1253 n.6 (11th Cir. 2020). "Notably, §1292(a)(1) does not encompass appeals as of right from such interlocutory orders when issued by bankruptcy judges, and there is no parallel provision in 28 U.S.C. §158." *Bailey v. Connolly*, 361 Fed.Appx. 942, 950 n.10 (10th Cir. 2010). "There is no provision for appeal as of right from an injunction order of a bankruptcy judge to the district court[.]" 16 C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* §3926.1. *See also In re Homaidan*, 646 B.R. 550, 577-78 (E.D.N.Y. 2022); *In re Rood*, 426 B.R. 538, 548 (D.Md. 2010); *In re Quigley Co., Inc.* 323 B.R. 70, 76 (S.D.N.Y. 2005) ("all appeals governed by Section 158(a)(3), including appeals of preliminary injunctions, should refer to the standards articulated by Section 1292(b) determine whether leave to appeal should be granted").

Interlocutory appeals are limited because they are a "disfavored" exception to the "traditional and basic principle" that reserves appellate review for "final decisions." *United States v. MacDonald*, 435 U.S. 850, 853 (1978). Leave to appeal an interlocutory decision of the bankruptcy court is evaluated under standards borrowed from §1292(b), which governs leave to appeal interlocutory orders of the district courts. *In re Carrington*, No. 2:22cv363, 2023 WL 2529107, at *4 (N.D.Ind. Mar. 14, 2023). In order for appellate jurisdiction to exist, "there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." *Ahrenholz v. Gd. of Trustees of University of Illinois*, 219 F.3d 674, 675 (7th Cir. 2000) (emphasis in

4

original).  "Unless *all* these criteria are satisfied," I cannot permit the appeal.  *Id*. at 676 (emphasis in original).

Connolly's appeal fails this stringent test.  Connolly has filed no motion for leave to appeal, but, foreseeing such a circumstance, the Federal Rules of Bankruptcy Procedure give me the option to treat Connolly's notice of appeal "as a motion for leave and either grant it or deny it."  Fed.R.Bankr.P. 8004(e).  The Notice summarizes Connolly's grievances against the Trustee and his counsel, but does not offer an argument that Chief Judge Ahler's ruling meets the standards for an interlocutory appeal.  Examining the matter for myself, I find no disputed issue of law, certainly none that is controlling of any significant aspect of the bankruptcy proceeding, and no basis for thinking that review of the order would "materially advance the ultimate termination of the litigation."  28 U.S.C. §1292(b).  "Ultimately, the party seeking an interlocutory appeal must show that 'exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'"  *Archdiocese of Milwaukee*, 482 B.R. 792, 797 (E.D.Wis. 2012) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)).  Connolly does not demonstrate that she should be granted leave to appeal Chief Judge Ahler's order denying her Emergency Motion for Sanctions and Injunction.

ACCORDINGLY:

Noreen Connolly's request to reconsider the waiver of the appeal fee [DE 13] is DENIED AS MOOT.

5

Connolly's motion for leave to amend [DE 2] and requests to "take judicial notice" [DE 5, 6, 7, 12] are DENIED.

Connolly's Notice of Appeal [DE 1] is construed as a motion for leave to appeal under Fed.R.Bankr.P. 8004(e), and is DENIED.

The appeal is DISMISSED and this matter is thereby CLOSED.

SO ORDERED.

ENTERED:  January 10, 2024.

      /s/ Philip P. Simon  
      PHILIP P. SIMON, JUDGE  
      UNITED STATES DISTRICT COURT